# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIA SALAZAR, an individual,<br><br>                      Plaintiff,<br>     v.<br><br>TARGET CORPORATION, a foreign corporation; DOE Individuals 1-10; DOE Employees 11–20, and ROE CORPORATIONS 21–30.,<br><br>                      Defendants. | Case No. 2:18-cv-01039-MMD-EJY<br><br>ORDER |

## I.   SUMMARY

This is a slip-and-fall case. Defendant Target Corporation moves for summary judgment on Plaintiff Maria Salazar's claims for negligence and negligent hiring, training and supervision (ECF No. 1-1) ("Motion"). (ECF No. 33.)[1] The material issue before the Court is whether Defendant had constructive notice of the spill on its floor. The Court concludes that this issue must be decided by a jury. Therefore, the Court will deny Defendant's Motion.

## II.  BACKGROUND

The following facts are undisputed.

The incident arose in September 2016, while Plaintiff was shopping at the Target store located at 3550 S. Rainbow Blvd., Las Vegas, NV ("Store"). (ECF No. 1-1 at 2.) While walking in the frozen foods area of the Store, Plaintiff slipped on water and fell. (ECF No. 34-1 at 2, 12, 38.) Plaintiff testified during her deposition that she did not know where the water came from or how long it had been on the floor. (ECF No. 33-1 at 6.) The Store's

///

---

[1] The Court has considered the parties' briefs (ECF Nos. 33, 34) and accompanying exhibits (ECF No. 33-1, 34-1, 34-2). Defendant did not file a reply.

manager at the time, Catherine Macke, also testified that after the incident, she did not inquire about the floor being inspected and did not know how long the spill had been on the floor. (ECF No. 34-1 at 13–14.) Macke also stated that the spill was about the size of a 10 by 10 (or 12 by 12) inch tile and marked the incident as occurring approximately in the middle of the aisle. (*Id.* at 12–13, 71 (Salazar 000245).)

Although Macke was unclear as to whether she assumed that Plaintiff had spilled the water on the floor, Macke did not investigate further to determine any other causes. (*Id.* at 13–14.) Plaintiff disputes that she or those with her spilled the water. (*Id.* at 35–37.)

There are no available video surveillance or photos related to the incident. (*See* ECF No. 34-1 at 11, 53 (not indicating the existence of any such evidence), 57.) Additionally, Target's Rule 30(b)(6) witness and the Store's director, Joseph Rudulph, testified that he had no information regarding how the floors are inspected by employees. (ECF No. 34-2 at 3, 14, 19.) Nor was he aware of any standards—aside from monthly maintenance—in place regarding *how often* employees are supposed to inspect the floors to prevent slip-and-fall incidents. (*Id.* at 18–19.) Rudulph testified that as a matter of "general service" if employees see an issue they should address it. (*Id.* at 19.)

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the

moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

**IV. DISCUSSION**

Under Nevada law, "a business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993) (citing *Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 49 (1964)). However, that an incident occurred resulting in injury is not sufficient to establish liability. *Gunlock v. New Frontier Hotel,* 370 P.2d 682, 684 (1962), *abrogated on other grounds by Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 156 (Nev. 2012). The plaintiff must demonstrate negligence. *Id.* "Where a foreign substance on the floor causes a patron to slip and fall, and the business owner or one of its agents caused the substance to be on the floor, liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care." *Sprague*, 849 P.2d at 322 (citations omitted). In cases where the foreign substance results from the actions of "persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it." *Id.* at 322–23. (citations omitted). Here, Defendant challenges only the existence of notice and Plaintiff specifically contends only that

///

Defendant had *constructive notice* of the spill. (ECF No. 33 at 4–7; ECF No. 34 at 8–13.) Accordingly, the Court addresses solely the issue of constructive notice.

Whether constructive notice exists is generally a question of fact for a jury to decide. *Id.* at 323. Defendant argues that the Court should grant summary judgment in its favor because Plaintiff lacks sufficient evidence that Defendant (or its employees) had constructive notice of the spill. (ECF No. 33 at 6–7.) Defendant's position is chiefly that Plaintiff needs to show that the water had been on the floor long enough to be a continuous condition to establish constructive notice and that Plaintiff's deposition testimony is insufficient to do so. (*Id.* (pointing to S*praque* as a case where constructive notice was found based on the existence of continual debris on the floor).) Plaintiff argues that constructive notice may be based on whether the business exercised its duty of reasonable care to its patrons by taking appropriate steps under the circumstances. (ECF No. 34 at 8–10 (citing *Foster,* 291 P.3d at 156 (concluding that irrespective of whether a risk was open and obvious there were material issues of fact to decide whether the defendant had exercised reasonable care in permitting plaintiff to encounter the "existing conditions")).)

Drawing all material inferences in Plaintiff's favor, the Court concludes that material issues of fact exist to preclude summary judgment. Constructive notice is generally defined as "[n]otice arising by presumption of law from the existence of facts and circumstances that a party had a duty to take notice of." Black's Law Dictionary (10th ed. 2014). Here, the water was spilled in or near the middle of the aisle and it is unclear how long the water had been present on the floor. Additionally, the testimony of Defendant's witnesses supports that Defendant had no implemented standards requiring its employees to periodically check the floor for spills and that there was no investigation into whether such periodic inspections where made in this case. The Court therefore concludes that material issues of fact exist as to whether: (1) the water on the floor was there over a prolonged period of time; (2) Defendant had constructive notice that spills may exist at any given time; and (3) Defendant failed to exercise reasonable care in taking measures to prevent

4

slips and falls. Viewing the evidence in the light most favorable to Plaintiff, a rational jury could reasonably find in favor of Plaintiff on these issues.

In short, the Court denies Defendant's Motion because there are material issues of fact for a jury to decide.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant's motion for summary judgment (ECF No. 33) is denied.

DATED THIS 13th day of November 2019.

                                              MIRANDA M. DU
                                              CHIEF UNITED STATES DISTRICT JUDGE